LION OIL REFINING COMPANY *v.* BAILEY.

4-5926 139 S. W. 2d 683

Opinion delivered April 22, 1940.

*Jeff Davis, J. A. O'Connor, Jr.,* and *B. L. Allen,* for appellant.

*Jack Holt,* Attorney General, *Oren Harris, Knox & Gosnell, Mahony & Yocum,* and *Saye & Saye,* for appellees.

McHANEY, J. The Arkansas Oil and Gas Commission, hereinafter called the Commission, was created by Act 105 of 1939, as successor to the Arkansas Board of

Conservation, created by Act 234 of 1933, the latter and all laws in conflict being repealed by the former. Said act 105 is a very comprehensive statute of 29 sections, covering 27 pages in the printed Acts of 1939, and giving to the Commission very broad powers over the oil and gas business in this state. On August 16, 1939, the Commission issued its order No. 38-39, entitled: "General Shutdown Order of Oil Wells in the Regulated Fields in the State of Arkansas." By it all oil wells in all regulated fields in this state were ordered closed in until further notice for certain purposes specified in said order, beginning at 7 o'clock a. m., on August 17, to enable it to determine what should be done to prevent the commission of waste of oil and gas in the regulated fields, which was then being committed. It gave notice of a public hearing to be held August 26. Appellant, a large oil and gas producer in several fields, deeming itself aggrieved by this order, brought suit on its effective date against the appellees, who are members of the Commission, the state's attorney general and her prosecuting attorney to enjoin the enforcement of said order as against it, on a number of grounds, some or all of which will be hereinafter referred to. Appellees, on August 18, answered with a general denial, and cross-complaint against appellant under § 19 of said act 105, and prayed a restraining order against it to prevent a violation of said order. Trial resulted in a decree on August 21, dismissing the complaint for want of equity, and granting the relief prayed in the cross-complaint.

It is first contended that both said order and the provision of said act 105, subsection C of § 12, are void; that the order is void as an emergency order for lack of notice or an opportunity to be heard; that said provision of the act, permitting such an order to be entered without notice or hearing, is void for the lack of due process under both the state and federal constitutions. Said provision is as follows: "In the event an emergency is found to exist by the Commission which in its judgment requires the making, changing, renewal or exten-

sion of a rule, regulation or order without first having a hearing, such emergency rule, regulation or order shall have the same validity as if a hearing with respect to the same had been held after due notice. The emergency rule, regulation or order permitted by this section shall remain in force no longer than ten days from its effective date, and, in any event, it shall expire when the rule, regulation or order made after due notice and hearing with respect to the subject matter of such emergency rule, regulation or order becomes effective.''

It is conceded that no notice was given appellant in advance of the making of said order, but if it is an emergency order, no notice was necessary unless that part of the act is void. It is true that one of appellant's attorneys learned of the meeting of the Commission about the time it was assembling, and was present and opposed the making of the order, but we assume, for the purpose of this opinion, that appellant had no notice of the meeting. We cannot agree that subsection C is void for the reason suggested. Sub-section B of the same section prohibits the Commission from making any rule, ''in the absence of an emergency,'' except after a public hearing on at least seven days' notice. A rule or order established in an emergency cannot be permanent. It automatically expires in ten days unless sooner terminated. A number of cases are cited to support the contention that legislation, and the order based thereon, of a regulatory body, are void which do not provide for notice and a hearing. Such a case is *C. M. & St. P. Ry. Co.* v. *Minn.*, 134 U. S. 418, 10 S. Ct. 462, 33 L. Ed. 970. But in that case the statute of Minnesota authorized the Commission to fix rates, without providing for any hearing before the Commission, and it was held to be unconstitutional under the due process clause of the constitution. The other cases cited are similar. In none of them was there a similar or comparable situation as is here involved. In none of them was there a temporary emergency order or a statute authorizing it involved. In Willoughby on the Constitution of the U. S., vol. 3, (2d Ed.), § 1144, after pointing out that ''an individual shall not

have his rights finally determined without a notice that such rights are to be, or have been examined and determined with an opportunity to be heard," by an administrative body, it is further said: "But where, because of the urgency of public need, or for practical reasons of administrative efficiency or effectiveness, this prior notice and hearing is not feasible, it is held that the requirements of due process are satisfied if opportunity is later given . . . to test the validity or propriety of the administrative action on appeal to superior administrative authorities, or on appeal to the courts, or both. In not a few cases it is held that the requirements of due process of law are satisfied by recognition of the right of the party to test the validity of administrative action in actions of *tort* for the recovery of damages against the administrative officials who have exceeded their legal authority to the injury of those bringing the action."

Here, appellant and all others were afforded an opportunity to be heard on this emergency order on a date therein set for August 26, but, instead of waiting for this hearing, it immediately went into court to enjoin the enforcement of the order, and we hold that the requirements of due process have been satisfied.

It is next argued that, even though it be held that subsection C of § 12 of said act 105 is constitutional, the order is void because it did not contain findings of fact which are conditions precedent to the jurisdiction of the Commission to act in the premises. It is generally held in this court and elsewhere that, where jurisdiction is conferred on administrative agencies and courts of special and limited jurisdiction, the order or judgment must show on its face the findings of fact essential to jurisdiction. Specifically the contention is that the order did not contain any finding that any one of the oil pools affected by it was discovered after January 1, 1937, whereas, § 6 of act 105 provides: "All common sources of supply of crude oil discovered after January 1, 1937, if so found necessary by the Commission, shall have the production of oil therefrom controlled and regulated in accordance with the provisions of this act . . ."

We cannot agree with this argument, because we think the order sufficiently recites facts showing that it was dealing with oil pools discovered since January 1, 1937. While the order did not contain those specific words, it applies only to regulated fields in Arkansas, which implies that those fields were discovered after said date, because the act does not confer jurisdiction on the Commission to regulate any field not so discovered. It is also said the order is void because there was no finding therein that waste was being committed or was imminent and that an emergency existed. We cannot agree with these suggestions, as the order shows on its face that it was made in the interest of conservation to prevent waste and that it was acting in an emergency, even though the word "emergency" was not used in the order. Whether an emergency existed was for the Commission to determine and not the courts, if there is any substantial evidence to support it, and unless fraud be shown, and none is.

Other matters are argued which we have duly considered and find them without merit. On the whole case we think the decree of the trial court is correct and it is affirmed.